```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
ERNEST BAILEY,                  :       No. 3:05cv846(WWE)
            Plaintiff,          :
v.                              :
                                :
UNITED TECHNOLOGIES             :
CORPORATION,                    :
                                :
            Defendant.          :
```

### RULING ON MOTION TO DISMISS

Plaintiff Ernest Bailey has brought claims of disability discrimination based on perceived disability against defendant United Technologies ("UTC") pursuant to the ADA and Connecticut Fair Employment Act, Connecticut General Statutes sections 46a-60, and additional state civil rights statutes, including 46a-58 (deprivation of rights), 46a-64 (discriminatory public accommodations practices), and 46a-64c (discriminatory housing practices). Defendant has moved to dismiss the state law claims.

For the following reasons, the motion to dismiss will be granted.

### DISCUSSION

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The function of a motion to dismiss "is merely to assess the legal feasibility of the complaint, not to assay the weight of

1

the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F. 2d 636, 639 (2d Cir. 1980).  In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party.  Cruz v. Beto, 405 U.S. 319, 322 (1972).

    Plaintiff, a machinist at Pratt & Whitney, alleges that defendant discriminated against him on the basis of a perceived drug addiction disability.  Specifically, plaintiff asserts that he is "subject to random drug testing at his place of employment..." and that he has been "falsely branded" by defendant as having refused drug testing.  Defendant argues that plaintiff's claim of perceived drug addiction disability discrimination implicates the Omnibus Transportation Employee Testing Act of 1991 ("OTETA") and related regulations of the Federal Aviation Administration and the Department of Transportation.  At present, circuits that have considered whether OTETA and the relevant federal regulations preempt have rendered conflicting decisions, and the Second Circuit has yet to resolve the issue. See Drake v. Laboratory Corporation of America Holdings, 290 F.Supp.2d 352, 363 (E.D.N.Y. 2003)(citing cases); compare Frank v. Delta Airlines, Inc., 314 F.3d 195 (5th Cir. 2002)(express preemption is appropriate) and Ishikawa v. Delta Airlines, Inc., 343 F.3d 1129 (9th Cir. 2003)(state law claims

against third party were neither expressly nor impliedly preempted).  However, the Court need not consider the preemption issue since other bases for dismissal exist.

Plaintiff's claims for perceived disability discrimination pursuant to CFEPA section 46a-60 must be dismissed because "Connecticut law does not provide a cause of action for perceived disability discrimination."  <u>Beason v. United Technologies Corporation</u>, 37 F.3d 271, 279 (2d Cir. 2003).  Plaintiff's opposition brief recognizes that this court is bound to follow Second Circuit precedent.

Plaintiff's brief fails to address defendant's additional arguments that violations pursuant to section 46a-64c (discriminatory housing practices), 46a-64 (discriminatory public accommodations practices), and 46a-58 (deprivation of rights) have been improperly asserted in this employment discrimination claim.  Accordingly, plaintiff's state law claims will be dismissed.

CONCLUSION

For the foregoing reasons, the motion to dismiss (#11) is GRANTED.  Plaintiff is instructed to amend his complaint to

remove the state law claims within 30 days of this ruling's filing date.

SO ORDERED this 22d day of September in Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton, Senior U.S. District Judge