UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED 2007 FEB 21 P 2: 15

ERNEST BAILEY, : No. 3:05cv846(WWE)
      Plaintiff, :
v. :
UNITED TECHNOLOGIES :
CORPORATION, :
      Defendant. :

## RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Ernest Bailey has brought claims of disability discrimination based on a perceived disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 1211 et seq., against defendant United Technologies ("UTC").

Defendant has moved for summary judgment. For the following reasons, the motion for summary judgment will be granted.

## BACKGROUND

The parties have submitted statements of fact, affidavits, and exhibits, which reveal the following undisputed facts.

As a manufacturer of aircraft engines, defendant Pratt & Whitney is required to follow federal regulations pertaining to drug and alcohol testing.

Plaintiff works as a machinist for Pratt & Whitney. He uses laser technology to overhaul and repair vanes for jet engines. In his position, plaintiff is considered to work a safety-sensitive function and is therefore subject to random drug and alcohol testing pursuant to the federal regulations.

On April 11, 2002, plaintiff was selected for drug testing but was unable to provide a sufficient amount of urine. After plaintiff attempted to give two samples, he

1

needed to leave for personal reasons and so advised the Collector Karen Brown. Ms. Brown informed him that his departure would be considered a "refusal to test" under the federal regulations.

According to defendant's policy and relevant regulations, plaintiff was not able to perform any safety-sensitive functions due to this "refusal to test" until he completed the six-week return-to-duty process. During this period, plaintiff was required to attend six alcohol or drug abuse classes. Plaintiff did not have to use any sick or vacation leave during the return-to-duty process, and he incurred no disciplinary action.

Upon completion of the return-to-duty process and a negative re-test, plaintiff returned to his safety-sensitive function.

On April 8, 2004, defendant required plaintiff to submit to a random drug test. Collector Victoria Novak reported that she sealed the bottles and shipping bag after plaintiff provided a sample and signed the Custody and Control Form. However, after it was revealed that the final digit of his "clock number" on the Custody and Control Form was inaccurate, plaintiff requested Ms. Novak to contact a shop steward. Ms. Novak contacted Irene Brown, the Designated Employer Representative, on duty for guidance. Ms. Brown instructed Novak to complete the test and then contact a shop steward.

In a Memorandum to Correct Specimen Collection Information, Ms. Novak noted:

> Employee began to argue about being called down again for testing. Employee then became confrontational due to clock number on the CCF form. Insisted he did not want specimen sent with the incorrect clock number on it. Before I could explain that an addendum could be provided, he grabbed the specimen from my possession. Broke chain of custody.

Defendant informed plaintiff that it deemed him as having failed the test, and

therefore he was not permitted to continue to perform safety-sensitive functions until after he successfully completed the return-to-work process.

Plaintiff did return to his safety-sensitive functions after he completed the return-to-work process.

## **DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party

submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Plaintiff alleges that defendant subjected plaintiff to continuous testing, required him to participate in a treatment program and counseling, and lost overtime work opportunities due to a false perception that he is a drug or alcohol abuser or addict. Defendant argues that summary judgment is proper because plaintiff cannot satisfy the essential elements to proceed with his claim of perceived disability discrimination in violation of the ADA.

To establish a prima facie case, plaintiff must show that (1) defendant is subject to the ADA; (2) plaintiff was perceived to be disabled within the meaning of the ADA; (3) plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability. Jacques v. Dimarzio, Inc., 386 F.3d 192, 198 (2d Cir. 2004). If plaintiff presents a prima facie case, defendant may rebut it by articulating a non-discriminatory business reason for the adverse employment action. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001). The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993).

For purposes of ruling on this motion, the Court assumes that plaintiff has satisfied the prima facie case. Defendant proffers as its legitimate, non-discriminatory business reason that plaintiff was subjected to drug testing, treatment programs, and removal from his safety-sensitive functions due to compliance with federal regulatory requirements. Upon thorough review of the evidentiary record, the Court finds that

plaintiff has failed to raise an inference that defendant's proffered reasons for termination are pretext for perceived disability discrimination.

Plaintiff asserts that he was treated differently from his co-workers without drug or alcohol abuse records and from individuals who came to work under the influence of alcohol. A showing that similarly situated employees outside the protected class received more favorable treatment can serve as evidence of pretext, but only if the plaintiff shows that he was "similarly situated in all material respects" to the comparators. Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000). To be similarly situated in all material respects, a plaintiff must show that the individuals were subject to the same discipline standard and that these individuals engaged in conduct comparable to that of the plaintiff. Hogan v. Conn. Judicial Branch, 220 F.Supp.2d 111, 119 (D. Conn. 2002). The Court has almost no information about the identities of the alleged comparators except for one individual. Plaintiff's assertion that the one identified individual came to work under the influence of alcohol was not subject to testing is unsubstantiated by any testing records or evidence other than conclusory affidavit statements. See Barlow v. Connecticut, 319 F.Supp.2d 250, 260 (D.Conn. 2004) ("general averments or conclusory allegations of an affidavit do not create specific factual disputes"). Summary judgment will be granted in defendant's favor.

## **CONCLUSION**

For the foregoing reasons, defendant's motion for summary judgment [doc. #27] is GRANTED. The clerk is instructed to close this case.

SO ORDERED this 26th day of February 2007 in Bridgeport, Connecticut.

_____
Warren W. Eginton, Senior U.S. District Judge